1  LINDA CLAXTON, CA Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  ALEC HILLBO, CA Bar No. 287185
   alec.hillbo@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:     213.239.9800
   Facsimile:     213.239.9045
6
7  Attorneys for Defendant
   ADT LLC
8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11
   EDHER FLORES, individually, and on behalf       Case No. _____
12 of other members of the general public
   similarly situated,                             (Kern County Superior Court
13                                                  Case No. BCV-15-101564)
                  Plaintiff,
14                                                  **NOTICE OF REMOVAL BY
          v.                                        DEFENDANT ADT LLC**
15
   ADT LLC, a Delaware limited liability            CLASS ACTION
16 company; and DOES 1 through 10, inclusive,

17                Defendants.
                                                    Complaint Filed:   November 25, 2015
18                                                  Trial Date:        None

19

20

21

22

23

24

25

26

27

28

                                                                    Case No. _____

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT

2  OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that defendant ADT LLC (hereinafter referred to as

4  "Defendant"), through its undersigned counsel, hereby removes the above-captioned action from

5  the Superior Court of the State of California, in and for the County of Kern, to the United States

6  District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d) (the Class

7  Action Fairness Act), 1441 and 1446.

8      Defendant's Notice of Removal is based upon and supported by the following:

9                              **THE STATE COURT ACTION**

10      1.      On or about November 25, 2015, Plaintiff Edher Flores ("Plaintiff"), as an

11  individual and on behalf of others similarly situated, filed an unverified Complaint (the

12  "Complaint") in the Superior Court of the State of California, in and for the County of Kern,

13  entitled "EDHER FLORES, individually, and on behalf of other members of the general public

14  similarly situated vs. ADT LLC, a Delaware Limited Liability Company; and DOES 1 through 10,

15  inclusive, Case No. BCV-15-101564" (the "State Court Action").

16      2.      The County of Kern is within the territory of the United States District Court for the

17  Eastern District of California.  (1) Plaintiff's Complaint asserts causes of action for: Violation of

18  California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor

19  Code §§ 1182.12, 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (3) Violation of California

20  Labor Code §§ 226.7 & 512(a) (Failure to Provide Meal Periods); (4) Violation of California Labor

21  Code § 226.7 (Failure to Provide Rest Periods); (5) Violation of California Labor Code §§226(a)

22  and 1174(d) (Non-Compliant Wage Statements and Failure to Maintain Records); (6) Violation of

23  California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation

24  of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and

25  (8) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business

26  Practices).

27      3.      The Complaint was served on Defendant on December 9, 2015 when a copy was

28  hand-delivered to CT Corporation, its registered agent for service of process.  Exhibit A. True and

---

1   correct copies of all other documents filed in the State Court Action that have been served on
2   Defendant are attached with Exhibit A

3       4.      Defendant answered Plaintiff's Complaint in the Kern Superior Court on January 8,
4   2016.  A true and correct copy of such Answer is attached hereto as Exhibit B.

5   **THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY PURSUANT TO THE**
6                    **CLASS ACTION FAIRNESS ACT**

7       5.      On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was
8   enacted.  In relevant part, CAFA grants federal district courts original jurisdiction over civil class
9   action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a
10  citizen of a state different from any defendant, and where the matter in controversy exceeds the
11  sum or value of $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  CAFA
12  authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  While there are a number
13  of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. §§ 1332(d)(3)-
14  (5), none of them are applicable here.

15      6.      This Court has original jurisdiction over this case under CAFA in that it is a civil
16  action filed as a class action wherein the matter in controversy exceeds the sum of $5 million,
17  exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a
18  citizen of a state different than Defendant.  *See* 28 U.S.C. § 1332(d).

19      7.      Plaintiff's Complaint asserts claims on behalf of a class of aggrieved employees
20  who allegedly suffered "wage and hour violations" as well as other causes of action (the "Putative
21  Class").  *See* Complaint at ¶ 2.   Plaintiff has alleged a class of persons that includes Service
22  Technicians in California from August 18, 2013 to the present. Complaint ¶ 13.  Plaintiff also
23  alleges a class of persons who received incorrect wage statements from November 26, 2014 to the
24  present.  Complaint ¶ 14.

25      8.      Although Plaintiff's Complaint does not allege specifics as to the number of persons
26  who meet the class definition, Defendant has undertaken a count and has concluded that there are
27  more than 100 such persons, and as such CAFA's exception for classes of fewer than 100 persons
28  does not apply.  *See* 28 U.S.C. § 1332(d)(5)(B).

9.      Under 28 U.S.C. § 1453(b) of CAFA, "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

10.      Plaintiff was, at the time of the filing of the Complaint, and still is, a resident and citizen of the State of California. Exhibit A, ¶ 4.

11.      "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). ADT was, at the time of the filing of this action, and remains, a Delaware limited liability company with its principal place of business in Boca Raton, Florida. *See* Complaint at ¶ 5.

12.      A corporation shall be deemed to be a citizen of any State where it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Principal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, sometimes called the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). ADT consists of one member—ADT U.S. Holdings, Inc.—which was at all times incorporated in Delaware and its corporate headquarters is located in Boca Raton, Florida.

13.      Moreover, ADT's corporate headquarters likewise is located in Boca Raton, Florida.

14.      Boca Raton, Florida is also where ADT's "high level" officers (including its Chief Executive Officer) direct, control, and coordinate ADT's business operations.

15.      ADT's core executive and administrative functions are carried out in its headquarters in Florida, including but not limited to all legal work and analysis, policy-making and decisions, corporate communications (internal and external), advertising and marketing, and computer operations. Therefore, ADT is a citizen of both Delaware and Florida, and is clearly not a

1   citizen of California.

2       16.     Based upon the foregoing, minimal diversity is established because named Plaintiff

3   is a citizen of California and Defendant is a citizen of Delaware and Florida.

4       17.     There are no other defendants whose consent or joinder are required for removal.

5       18.     Intra-district assignment to the Sacramento Division of this Court is proper because

6   the case was originally filed in the California Superior Court in and for the County of Kern.

7                           **AMOUNT IN CONTROVERSY**

8       19.     Section 28 U.S.C. § 1332(d) of CAFA authorizes the removal of class action cases

9   in which, among other factors mentioned above, the amount in controversy for all class members

10  exceeds $5 million.  Plaintiff's Complaint is silent as to the total amount of monetary relief sought.

11  However, the failure of the Complaint to specify the total amount of monetary relief sought by

12  Plaintiff does not deprive this Court of jurisdiction.  *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp.

13  25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure

14  of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any

15  Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its

16  claim.").  Defendant need only establish by a preponderance of the evidence that Plaintiff's claim

17  exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

18  Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

19      20.     While Defendant denies the validity of Plaintiff's claims and requests for relief,

20  Plaintiff's claimed damages are in excess of the jurisdictional minimum.  *See Luckett v. Delta*

21  *Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal,

22  combined with plaintiff's allegations, sufficient to support finding of jurisdiction); *DeAguillar v.*

23  *Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a

24  preponderance of the evidence that the amount in controversy is greater than the jurisdictional

25  amount"); *accord Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA,*

26  *Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages,

27  combined with a claim for attorney's fees, that plaintiff's claim exceeded the jurisdictional

28  threshold).

21.     Plaintiff's First Cause of Action asserts unpaid overtime. Complaint at ¶¶ 38-54. Plaintiff seeks to recover the unpaid overtime compensation for himself and the alleged class. *Id.* at ¶ 54. He asserts a class from August 18, 2013 until trial. Complaint ¶ 13.

22.     Defendant has collected records relating to the alleged putative class and those records show that, during the time period, Defendant had approximately two hundred Service Technicians who worked shifts during the entire class period at an average of approximately $26.00 per hour. Plaintiff asserts that he "typically worked eleven (11) hour or more per day." Complaint at ¶ 4. Assuming conservatively that employees worked fifty weeks per year and assuming six hours of unpaid overtime per week for two years (a total of 100 weeks), the amount in controversy on this claim alone is **$4,680,000** (6 hours at $39/hour * 100 weeks * 200 employees).

23.     Plaintiff's Third Cause of Action asserts failure to provide first and second meal periods. Complaint at ¶¶ 60-71. Plaintiff specifically asserts that Defendant "prevented Plaintiff and class members from taking <u>all</u> timely, uninterrupted thirty (30) minute meal periods …." Complaint ¶ 65. During the time period asserted, Defendant had approximately two hundred Service Technicians who worked shifts during the entire class period at an average of approximately $26.00 per hour. Even assuming conservatively that employees worked fifty weeks per year and that that there were two meal period violations per week for two years (a total of 100 weeks), the amount in controversy on this claim alone is more than $**1,040,000** (2 * $26 per hour x 100 weeks * 200 employees).

24.     Plaintiff's Fourth Cause of Action asserts failure to provide rest breaks. Complaint at ¶¶ 72-79. Plaintiff asserts that Defendant "regularly failed to authorize and permit Plaintiff and class members to take ten (10) minute rest period per each four (4) hour period worked or major fraction thereof." Complaint ¶ 77. Even assuming conservatively that employees worked fifty weeks per year and that there were two rest period violations per week for two years (a total of 100 weeks), the amount in controversy is more than $**1,040,000** (2 * $26 per hour x 100 weeks * 200 employees).

25.     Defendant has undertaken to quantify the amount that would be owed by Defendant

to the Putative Class if the foregoing allegations of the Plaintiff were true.  Based upon such calculation, the amount that would be owed is in excess of five million dollars ($5,000,000). Indeed, the amount in controversy from Plaintiff's First, Third, and Fourth Causes of Action alone amounts to more than six million seven hundred and sixty thousand dollars (**$6,760,000**). Therefore, without even considering Plaintiff's additional causes of action for "waiting time" and wage statement penalties, the amount in controversy requirement is plainly satisfied here.  *See* 28 U.S.C. §§ 1332(d)(2).

26.    In addition to the claims discussed above, Plaintiff's Fifth Cause of Action alleges non-compliant wage statements.  Complaint at ¶¶ 80-89.  Section 226(e) provides that a prevailing plaintiff may recover "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e).

27.    Such claims under Section 226 are subject to a one-year limitation period, which in this case is November 26, 2014 to the present.  *See id.*; Cal. Code Civ. Proc. § 340.  "Actual damages" incurred by members of the putative class is not presently known.  As such, Defendant calculates the amount in controversy based on the per-pay-period penalty amounts set forth in Cal. Lab. Code § 226(e).  Based on Defendant's records, at a minimum, the Service Technician portion of the Putative Class could be entitled to $800,000 ($4,000 x 200 employees = $800,000).

28.    The total amount in controversy based on paragraphs 22-24 and 27 above is approximately **$7,560,000**.

29.    In addition to the foregoing, the FAC seeks an award of attorneys' fees and costs.  It is well-settled that in determining whether a complaint meets the amount in controversy requirement, the Court should consider attorneys' fees.  *See e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).  If an award of attorneys' fees of 25% (a generally accepted standard in cases such as this one) is added to the above, it would equal $7,560,000 x 1.25 = **$9,450,000**.

30.    Stated another way, Plaintiff himself states that his "share of damages, penalties, and other relief sought in this action does not exceed **$75,000**."    Complaint at ¶ 1 (emphasis added).  Defendants' records show that, during the time period, approximately two hundred Service Technicians worked shifts.  Even assuming damages, penalties and other relief at $50,000 per individual, the Putative Class could be entitled to $10,000,000 ($50,000 * 200 employees).

31.    Therefore, inasmuch as these calculations do not even include amounts for Plaintiff's other monetary claim for unpaid minimum wages and wages not paid timely on termination, it should be beyond doubt that the amount in controversy here exceeds $5,000,000.

## NOTICE AND SERVICE REQUIREMENTS ARE MET

32.    As required by 28 U.S.C. §1446(b), the original Notice was filed within 30 days after Defendant was first served with a copy of Plaintiff's Summons and Complaint.  Defendant removes based on its own information because the Complaint does not state on its face the amount in controversy.

33.    As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to Plaintiff through his attorneys of record.

34.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, in and for the County of Kern.

35.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-action to this Court.

DATED:  January 8, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/ Linda Claxton
Linda Claxton
Alec Hillbo

Attorneys for Defendant
ADT LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
12/09/2015
CT Log Number 528295402

| | |
|---|---|
| **TO:** | Dan McGrath<br>The ADT Corporation<br>1501 Yamato Rd.<br>Boca Raton, FL 33431-4438 |
| **RE:** | **Process Served in California** |
| **FOR:** | ADT LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDHER FLORES, Individually, and on behalf of other members of the general public similarly situated, Pltf. vs. ADT LLC, etc. et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice(s), Information, Stipulation |
| **COURT/AGENCY:** | Kern County - Superior Court - Bakersfield, CA<br>Case # BCV15101564 |
| **NATURE OF ACTION:** | Violation of California Labor Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/09/2015 at 09:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ral Perez<br>Capstone Law APC<br>1840 Century Park East<br>Suite 450<br>Lauisana, CA 90067<br>310-556-4811 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2015, Expected Purge Date: 12/15/2015<br><br>Image SOP<br><br>Email Notification,  Dan McGrath  dmcgrath@adt.com<br><br>Email Notification,  Hannah Lim  hlim@adt.com<br><br>Email Notification,  Marcia Gold  marciagold@adt.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / TI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12/9/15

ELECTRONICALLY RECEIVED
11/25/2016 2:54:16 PM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADT LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDHER FLORES, individually, and on behalf of other members of the general public similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DEC - 1 2015

TERRY McNALLY, CLERK
BY_____, DEPUTY

ENDORSED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>BCV-15-101564 |
|---|---|

Kern County Superior Court, Superior Courts Building
1451 Truxtun Avenue, Bakersfield, CA 93301-4172

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Raul Perez (174687), Capstone Law APC, 1840 Century Park East, Suite 450, LA, CA 90067 (310) 556-4811

| DATE: DEC - 1 2015<br>*(Fecha)* | TERRY McNALLY | Clerk, by<br>*(Secretario)* | Y. TORRES | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ADT LLC, a Delaware limited liability company

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**FILED**

11/25/2015 2:54:16 PM
Kern County Superior Court
Terry McNally
By Yesenia Torres, Deputy

ENDORSED

1  Raúl Pérez (SBN 174687)
   Raul.Perez@capstonelawyers.com
2  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
3  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
4  Suzy E. Lee (SBN 271120)
   Suzy.Lee@capstonelawyers.com
5  Capstone Law APC
   1840 Century Park East, Suite 450
6  Los Angeles, California 90067
   Telephone:    (310) 556-4811
7  Facsimile:    (310) 943-0396
8
   Attorneys for Plaintiff Edher Flores
9

**NOTICE OF ASSIGNMENT AND**
**CASE MANAGEMENT CONFERENCE         :**
Assigned to  LORNA H. BRUMFIELD  for all purposes.

Hearing Date:  MAY **3 1** 2016

Time:  _8:15 cvn_

Department:  _17_

**See CRC Rule 3.720 Et. Seq.**

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF KERN

12

13  EDHER FLORES, individually, and on      Case No.:BCV-15-101564
    behalf of other members of the general
14  public similarly situated,               **CLASS ACTION COMPLAINT**

15              Plaintiff,                    (1) Violation of California Labor Code §§ 510
                                                  and 1198 (Unpaid Overtime);
16          vs.                               (2) Violation of California Labor Code
                                                  §§ 1182.12, 1194, 1197, and 1197.1
17  ADT LLC, a Delaware limited liability        (Unpaid Minimum Wages);
    company; and DOES 1 through 10,          (3) Violation of California Labor Code
18  inclusive,                                   §§ 226.7 & 512(a) (Failure to Provide
                                                  Meal Periods);
19              Defendants.                   (4) Violation of California Labor Code § 226.7
                                                  (Failure to Provide Rest Periods);
20                                            (5) Violation of California Labor Code
                                                  §§226(a)  and 1174(d) (Non-Compliant
21                                                Wage Statements and Failure to Maintain
                                                  Records);
22                                            (6) Violation of California Labor Code §§ 201
                                                  and 202 (Wages Not Timely Paid Upon
23                                                Termination);
                                              (7) Violation of California Business &
24                                                Professions Code §§ 17200, *et seq.*
                                                  (Unlawful Business Practices); and
25                                            (8) Violation of California Business &
                                                  Professions Code §§ 17200, *et seq.* (Unfair
26                                                Business Practices).
27
28                                            **Jury Trial Demanded**

1       Plaintiff Edher Flores ("Plaintiff"), individually, and on behalf of all other members of

2   the public similarly situated, alleges as follows:

3   **JURISDICTION AND VENUE**

4       1.    This class action is brought pursuant to California Code of Civil Procedure

5   section 382. The monetary damages, penalties, and restitution sought by Plaintiff exceed the

6   minimal jurisdiction limits of the Superior Court and will be established according to proof at

7   trial. This Court has jurisdiction over this action pursuant to the California Constitution,

8   Article VI, section 10. The statutes under which this action is brought do not specify any

9   other basis for jurisdiction. Plaintiff's share of damages, penalties and other relief sought in

10   this action does not exceed $75,000.

11       2.    This Court has jurisdiction over all Defendants because Defendants are citizens

12   of California, have sufficient minimum contacts in California, and otherwise intentionally

13   avail themselves of the California market so as to render the exercise of jurisdiction over

14   them by the California courts consistent with traditional notions of fair play and substantial

15   justice. There is no basis for federal diversity jurisdiction in this action because there is no

16   complete diversity, and this case falls within the statutory exceptions to "minimal diversity"

17   jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4). Upon information

18   and belief, two-thirds or more of the class members and Defendants are citizens of California

19   and/or (a) two-thirds of the class members and Defendants are citizens of California; (b) the

20   alleged wage and hour violations occurred in California; (c) significant relief is being sought

21   against Defendants whose violations of California wage and hour laws form a significant

22   basis for Plaintiff's claims; and (d) no other class action has been filed within the past three

23   (3) years on behalf of the same proposed class against Defendants asserting the same or

24   similar factual allegations.

25       3.    Venue is proper in this Court because Defendants employ persons in this

26   county and employed Plaintiff in this county, and thus a substantial portion of the

27   transactions and occurrences related to this action occurred in this county. Cal. Civ. Proc.

28   Code § 395.

**THE PARTIES**

4.     Plaintiff EDHER FLORES is a resident of Bakersfield, California. Defendants employed Plaintiff as an hourly-paid, non-exempt Service Technician from approximately August 2012 to March 2015.  During his employment, Plaintiff worked for Defendants out of an ADT facility located in Bakersfield, California.  As a Service Technician, Plaintiff typically worked eleven (11) hours or more per day, five (5) days per week.

5.     Defendant ADT LLC ("ADT") is, on information and belief, a Delaware limited liability company doing business in California, with its principal place of business in Boca Raton, Florida, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

6.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

7.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers or employees of ADT at all relevant times.

8.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, ADT and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants represent, and were in accordance with, Defendants' official policy.

9.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the violations herein alleged.

10.     Plaintiff is informed and believes, and thereon alleges, that each of said

CLASS ACTION COMPLAINT

1    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

2    omissions, occurrences, and transactions alleged herein.

3                                    **CLASS ACTION ALLEGATIONS**

4        11.    Plaintiff brings this action on his own behalf, as well as on behalf of each and

5    all other persons similarly situated, and thus seeks class certification under California Code of

6    Civil Procedure section 382.

7        12.    All claims alleged herein arise under California law for which Plaintiff seeks

8    relief authorized by California law.

9        13.    Plaintiff's proposed class for service technicians consists of and is defined as

10   follows:

11            All persons who are or were employed by Defendants as
             nonexempt, hourly-paid Service Technicians in California after
12           August 18, 2013, until the date of trial ("Service Technician
             Class").
13
14       14.    Plaintiff's proposed class for wage statements consists of and is defined as

15   follows:

16            All persons who are or were employed by Defendants as
             nonexempt, hourly-paid employees in California and whom
             received at least one wage statement within one year prior to the
17           filing of this complaint until the date of trial ("Wage Statement
             Class").
18
19       15.    Members of the Service Technician Class and Wage Statement Class will

     hereinafter be referred to as "class members."
20
21       16.    Plaintiff reserves the right to redefine the Service Technician Class and Wage

22   Statement Class and to add additional classes and/or subclasses as appropriate based on

     further investigation, discovery, and specific theories of liability.
23
24       17.    There are common questions of law and fact as to class members that

     predominate over questions affecting only individual members, including, but not limited to:
25
26            (a)    Whether Defendants required Plaintiff and Service Technician class

                    members to work off-the-clock without payment;
27
28            (b)    Whether Defendants required Plaintiff and Service Technician class

members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and Service Technician class members;

(c)     Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff and Service Technician class members' overtime rate of pay was based;

(d)     Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and Service Technician class members;

(e)     Whether Defendants failed to provide Plaintiff and Service Technician class members with meal periods;

(f)     Whether Defendants failed to provide Plaintiff and Service Technician class members with rest periods;

(g)     Whether Defendants provided Plaintiff and Wage Statement class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(h)     Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and Service Technician class members upon their discharge;

(i)     Whether Defendants failed timely to pay overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and Service Technician class members during their employment;

(j)     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

18.     There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

CLASS ACTION COMPLAINT

(a)  Numerosity:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)  Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)  Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)  Public Policy Considerations:  Employers in the State of California

Page 5

CLASS ACTION COMPLAINT

1   violate employment and labor laws every day.  Current employees are

2   often afraid to assert their rights out of fear of direct or indirect

3   retaliation.  Former employees are fearful of bringing actions because

4   they believe their former employers might damage their future

5   endeavors through negative references and/or other means.  Class

6   actions provide the class members who are not named in the complaint

7   with a type of anonymity that allows for the vindication of their rights

8   while simultaneously protecting their privacy.

9                   **GENERAL ALLEGATIONS**

10       19.   Defendants are a Delaware corporation providing electronic security, fire

11  protection, and other related alarm monitoring services for small businesses and residences.

12  Defendants operate sales and service offices throughout California.

13       20.   According to Defendants' Form 10-K Annual Report filed with the United

14  States Securities and Exchange Commission, Defendants maintain their corporate

15  headquarters in Boca Raton, Florida.   Upon information and belief, Defendants maintain a

16  single, centralized Human Resources ("HR") department at their corporate headquarters in

17  Boca Raton, Florida, and/or at their West Region corporate headquarters in Chatsworth,

18  California, which is responsible for conducting Defendants' recruiting and hiring of new

19  employees, as well as communicating and implementing Defendants' company-wide

20  policies, including timekeeping policies, to employees throughout California.  In particular,

21  Plaintiff and class members, on information and belief, received the same standardized

22  documents and/or written policies, including, but not limited to: Background Check and

23  Disclosure Authorization, Field Safety Handbook, Meal and Rest Breaks and Timekeeping,

24  Code of Conduct Commitment, and Team Member Handbook.  Upon information and belief,

25  the usage of standardized documents and/or written policies, including new hire documents,

26  indicate that Defendants dictated policies at the corporate-level and implemented them

27  company-wide, regardless of their employees' locations or positions.

28       21.   On information and belief, Defendants' corporate records, business records,

1   data, and other information related to ADT, including, in particular, HR records pertaining to

2   Defendants' California employees, are maintained at ADT's corporate headquarters in Boca

3   Raton, Florida, and/or at their West Region corporate headquarters in Chatsworth, California.

4       22.   Upon information and belief, Defendants set forth uniform policies and

5   procedures in an Employee "Team Member" Handbook and in several documents provided

6   at an employee's time of hire. At the time Plaintiff was hired, he received a Team Member

7   Handbook and other documents including, but not limited to, Field Safety Handbook, Code

8   of Conduct Commitment, and Team Member Handbook, informing him that he would be

9   subject to the policies and rules set forth in the Team Member Handbook and additional

10  documents provided. At the time Plaintiff was hired, he received an Acknowledgement

11  Form for his signature, informing him that he would be subject to the policies and rules set

12  forth in the Team Member Handbook.

13      23.   Upon information and belief, Defendants maintain a centralized Payroll

14  department at their corporate headquarters in Boca Raton, Florida, which processes payroll

15  for all non-exempt, hourly-paid employees working for Defendants at their various locations

16  in California, including Plaintiff and class members.

17      24.   Based upon information and belief, Defendants issue the same formatted wage

18  statements to all non-exempt, hourly paid employees in California, irrespective of their work

19  location. Therefore, Plaintiff is informed and believes that Wage Statement class members

20  throughout California were also affected by Defendants' alleged noncompliance with wage

21  statement reporting requirements.

22      25.   Upon information and belief, Defendants process payroll for departing

23  employees in the same manner throughout the State of California, regardless of the manner in

24  which the employees' employment ends.

25      26.   Defendants continue to employ non-exempt, hourly-paid employees, including

26  Service Technicians, throughout California.

27      27.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

28  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

1    and advisors knowledgeable about California labor and wage law, employment and personnel

2    practices, and about the requirements of California law.

3        28.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and

4    Service Technician class members were not paid for all hours worked, because all hours

5    worked were not recorded.

6        29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7    should have known that Plaintiff and Service Technician class members were entitled to

8    receive certain wages for overtime compensation and that they were not receiving certain

9    wages for overtime compensation.

10        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11    should have known that Plaintiff and Service Technician class members were entitled to be

12    paid at a regular rate of pay, and corresponding overtime rate of pay, that included as eligible

13    income all income derived from shift differential pay, standby bonus pay and/or holiday bonus

14    pay.

15        31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

16    should have known that Plaintiff and Service Technician class members were entitled to

17    receive at least minimum wages for compensation and that, in violation of the California

18    Labor Code, they were not receiving at least minimum wages for work that Defendants knew

19    or should have known was performed off-the-clock.

20        32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and Service Technician class members were entitled to meal

22    periods in accordance with the Labor Code or payment of one (1) additional hour of pay at

23    their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30)

24    minute meal periods and that Plaintiff and class members were not provided with all meal

25    periods or payment of one (1) additional hour of pay at their regular rates of pay when they

26    did not receive a timely, uninterrupted, thirty (30) minute meal period.

27        33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28    should have known that Plaintiff and Service Technician class members were entitled to rest

1  periods in accordance with the Labor Code and applicable IWC Wage Order or payment of
2  one (1) additional hour of pay at their regular rates of pay when they were not provided with a
3  compliant rest period and that Plaintiff and class members were not provided compliant rest
4  periods or payment of one (1) additional hour of pay at their regular rates of pay when they
5  were not provided a compliant rest period.

6       34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
7  should have known that Plaintiff and Wage Statement class members were entitled to receive
8  complete and accurate wage statements in accordance with California law.  Plaintiff is
9  informed and believes, and thereon alleges, that Defendants knew or should have known that
10  they had an obligation to maintain accurate payroll records.  In violation of the California
11  Labor Code, Defendants did not provide Plaintiff and Wage Statement class members with
12  complete and accurate wage statements and failed to maintain accurate payroll records.

13       35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
14  should have known that Plaintiff and Service Technician class members were entitled to
15  timely payment of wages upon termination of employment.  In violation of the California
16  Labor Code, Defendants did not pay Service Technician class members all wages due,
17  including, but not limited to, overtime wages, minimum wages, and meal and rest period
18  premium wages, within permissible time periods.

19       36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
20  should have known that Plaintiff and Service Technician class members were entitled to
21  timely payment of wages during their employment.  In violation of the California Labor Code,
22  defendants did not pay Plaintiff and Service Technician class members all wages, including,
23  but not limited to, overtime wages, minimum wages, and meal and rest period premium
24  wages, within permissible time periods.

25       37.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
26  mentioned, Defendants knew or should have known that they had a duty to compensate
27  Plaintiff and Service Technician class members for all hours worked, and that Defendants had
28  the financial ability to pay such compensation but willfully, knowingly, and intentionally

CLASS ACTION COMPLAINT

1   failed to do so, and falsely represented to Plaintiff and Service Technician class members that

2   they were properly denied wages, all in order to increase Defendants' profits.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants, as to Service Technician Class)**

6       38.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

7   and every allegation set forth above.

8       39.     California Labor Code section 1198 makes it illegal to employ an employee

9   under conditions of labor that are prohibited by the applicable wage order.  California Labor

10  Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

11  shall be the . . . standard conditions of labor for employees.  The employment of any employee

12  . . . under conditions of labor prohibited by the order is unlawful."

13      40.     California Labor Code section 1198 and the applicable IWC Wage Order

14  provide that it is unlawful to employ persons without compensating them at a rate of pay

15  either time-and-one-half or two-times that person's regular rate of pay, depending on the

16  number of hours worked by the person on a daily or weekly basis.

17      41.     Specifically, the applicable IWC Wage Order provides that Defendants are and

18  were required to pay Plaintiff and class members working more than eight (8) hours in a day

19  or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all

20  hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

21  workweek.

22      42.     The applicable IWC Wage Order further provides that Defendants are and were

23  required to pay Plaintiff and class members working more than twelve (12) hours in a day,

24  overtime compensation at a rate of two (2) times their regular rate of pay, and required to pay

25  Plaintiff and class members at a rate of two (2) times their regular rate of pay for hours

26  worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a

27  workweek.

28      43.     California Labor Code section 510 codifies the right to overtime compensation

1    at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours

2    in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh

3    (7th) day of work, and to overtime compensation at twice the regular rate of pay for hours

4    worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

5    seventh (7th) day of work.

6        44.    During the relevant time period, Defendants willfully failed to pay all overtime

7    wages owed to Plaintiff and class members. During the relevant time period, Plaintiff and

8    class members were not paid overtime premiums for all of the hours they worked in excess of

9    eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of eight (8) hours on

10    the seventh (7th) consecutive day of a work in a workweek, and/or in excess of forty (40)

11    hours in a week, because all hours worked were not recorded.

12        45.    Defendants had a company-wide rotating "on-call" policy, whereby it

13    scheduled technicians to work "on-call" weeks. During an "on-call" week, Plaintiff and class

14    members had to be available 24/7 to respond to service calls, from Wednesday at 8:00am

15    through Wednesday at 7:59am. Defendant issued company cellular phones to Plaintiff and

16    class members which they were required to keep on them and respond to immediately while

17    working an "on-call" week. When scheduled to be "on-call," Plaintiff and class members

18    were in essence on controlled standby for Defendants because they could not use that time

19    freely for their own purposes and were forced to put their lives on hold. For example,

20    Plaintiff refrained from making plans altogether while "on-call" because he knew that he had

21    to drop whatever he was doing at a moment's notice if he received a call. Defendants paid

22    Plaintiff and class members a flat rate of $20.00 per day during an "on-call" week, plus hours

23    they spent responding to service calls. However, Defendants failed to pay Plaintiff and class

24    members for the remainder of time during which they were not free to use their time for their

25    own purposes.

26        46.    Defendants also have, and continue to have, a company-wide policy of

27    scheduling its service technicians to respond to back-to-back service calls or appointments

28    such that Plaintiff and class members were prevented from taking all timely, uninterrupted

CLASS ACTION COMPLAINT

thirty (30) minute meal periods, and also led to them working off-the-clock before and/or after their shifts to complete their assigned calls and appointments.  Defendants systematically, and on a company-wide basis, scheduled appointments and service calls without building in sufficient time to allow for 30-minute meal periods, which caused Plaintiff and class members to forego meal periods and continue traveling to make their next appointment or service call.  Although Defendants scheduled meal breaks for technicians, service calls and appointments regularly took longer than the time Defendants allotted for them such that Plaintiff and class members were unable to take a meal period at the scheduled meal time.

47.   Further, upon information and belief, Defendants had no mechanism in place to permit Plaintiff and class members to take meal periods when the schedule was derailed because one or more of their service calls took longer than scheduled.  Defendants' company-wide policy and/or practice of scheduling service calls back-to-back and allotting too little time for the technicians to actually complete the jobs, while still requiring that service technicians be on time for their next appointment, prevented Plaintiff and class members from being relieved of their duties during unpaid meal periods.

48.   Additionally, when a technician was running late to an appointment, Defendants had a company-wide practice and/or policy of rescheduling outstanding appointments to other technicians without regard for whether the now-reassigned technician was due for an upcoming meal break during his or her shift.  As a result of this practice and/or policy, Plaintiff and class members were required to continue to perform their duties without being able to take a timely, compliant meal period.  Defendants also had a company-wide policy and/or practice of clocking out employees for meal breaks that were never taken, or were late, short, and/or interrupted, or otherwise later altering records to show that meal breaks had been taken.

49.   Also, Defendants had a company-wide policy of evaluating Plaintiff and class members' performance based on the number of calls completed pursuant to a weekly quota of 30 calls.  This policy discouraged Plaintiff and class members from taking compliant

1    breaks in order to meet the required quotas and performance expectations set by Defendants.

2        50.    Defendants' scheduling practices and performance quotas prevented Plaintiff

3    and class members from taking all timely, uninterrupted thirty (30) minute meal periods and

4    led to them performing some of their assigned duties off-the-clock and during meal periods.

5    At all relevant times, Defendants knew or should have known that as a result of their

6    policies, that Plaintiff and class members were performing some of their assigned duties off-

7    the-clock and that Defendants did not compensate Plaintiff and class members for this off-

8    the-clock work.

9        51.    Further, Defendants did not pay Plaintiff and class members the correct

10   overtime rate for the recorded overtime hours that they generated.  In addition to an hourly

11   wage, Defendants paid Plaintiff and class members various forms of compensation that

12   should have been included in calculating their regular rate of pay, including, but not limited

13   to, incentive pay and/or nondiscretionary bonuses.  However, in violation of the California

14   Labor Code, Defendants failed to incorporate all remunerations, including incentive pay

15   and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes

16   of calculating the overtime wage rate for Plaintiff and class members.  Therefore, during

17   times when Plaintiff and class members worked overtime and received incentive pay and/or

18   nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower

19   overtime rate than required.

20       52.    Moreover, Defendants systematically failed to schedule and provide second 30

21   minute meal periods for employees working shifts of ten (10) hours or more and failed to

22   authorize or permit Plaintiff and class members to take second 30 minute meal periods to

23   which they were entitled.  Plaintiff and other class members did not sign valid meal period

24   waivers on days that they were entitled to meal periods but were not relieved of all duties.

25       53.    Because Plaintiff and class members often worked shifts of eight (8) hours a

26   day or more and/or in excess of forty (40) hours a week, some of this controlled standby time

27   and off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class

28   members were not paid overtime wages for all of the overtime hours they worked.

1    54.    Defendants' failure to pay Plaintiff and class members the balance of overtime

2    compensation owed, and failure to pay overtime at the correct rate of pay, as required by

3    California law, violates the provisions of California Labor Code sections 510 and 1198.

4    Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to

5    recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

6    **SECOND CAUSE OF ACTION**

7    **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

8    **(Against All Defendants, as to Service Technician Class)**

9    55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10    and every allegation set forth above.

11    56.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1

12    provide that the minimum wage for employees fixed by the IWC is the minimum wage to be

13    paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

14    57.    As described above, Defendants systematically, and on a company-wide basis,

15    required Plaintiff and class members to work "on-call" weeks during which they had to put

16    their lives on hold and were restricted from using that time freely for their own purposes. As

17    also described above, due to Defendants' company-wide scheduling practices and policies,

18    Plaintiff and class members were forced to forego meal periods and/or have their meal periods

19    interrupted by work and were not relieved of all duties for unpaid meal periods. For the same

20    reasons, Plaintiff and class members were also required to perform work off-the-clock before

21    and/or after their scheduled shifts to complete their assigned service calls. In addition,

22    Defendants systematically clocked out Plaintiff and class members for meal periods so that

23    employee time records reflected meal periods were taken when in actuality, they were not.

24    58.    Defendants did not pay at least minimum wages for off-the-clock hours that

25    qualified for overtime premium payment. Also, to the extent that these off-the-clock hours

26    did not qualify for overtime premium payment, Defendants did not pay at least minimum

27    wages for those hours worked off-the-clock.

28    59.    Defendants' failure to pay Plaintiff and class members' minimum wages

Page 14

CLASS ACTION COMPLAINT

1    violates California Labor Code sections 1182.12, 1194, 1197, and 1197.1.  Pursuant to

2    California Labor Code section 1194.2, Plaintiff and class members are entitled to recover

3    liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

4                                **THIRD CAUSE OF ACTION**

5    **Violations of California Labor Code, §§ 226.7 and 512(a)—Meal Period Violations**

6              **(Against all Defendants, as to Service Technician Class)**

7           60.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

8    and every allegation set forth above.

9           61.     At all relevant times herein set forth, the applicable IWC Wage Order(s) and

10   California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and class

11   members' employment by Defendants.

12          62.     At all relevant times herein set forth, California Labor Code section 512(a)

13   provides that an employer may not require, cause, or permit an employee to work for a period

14   of more than five (5) hours per day without providing the employee with a meal period of not

15   less than thirty (30) minutes, except that if the total work period per day of the employee is

16   not more than six (6) hours, the meal period may be waived by mutual consent of both the

17   employer and the employee.  Under California law, first meal periods must start after no more

18   than five (5) hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal.

19   2012).

20          63.     At all relevant times herein set forth, California Labor Code section 226.7 and

21   512(a) provide that no employer shall require an employee to work during any meal period

22   mandated by an applicable order of the IWC.

23          64.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and

24   the applicable IWC Wage Order also require employers to provide a second meal break of not

25   less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

26   employee one (1) additional hour of pay at the employee's regular rate, except that if the total

27   hours worked is no more than twelve (12) hours, the second meal period may be waived by

28   mutual consent of the employer and the employee only if the first meal period was not waived.

65.    As stated, Defendants had a company-wide policy and/or practice of scheduling its service technicians to respond to service calls and appointments in such a way that prevented Plaintiff and class members from taking all timely, uninterrupted thirty (30) minute meal periods in accordance with the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).  Additionally, Defendants prevented Plaintiff and class members from being relieved of their duties for meal periods by discouraging Plaintiff and class members from taking compliant breaks due to their policy of evaluating performance based on the number of calls completed pursuant to a weekly quota of 30 calls.  Defendants also had a company-wide practice and/or policy of effectively clocking out employees for meal breaks that were never taken, shortened, and/or interrupted.

66.    At all times herein, Defendants knew or should have known that as a result of their policies, Plaintiff and class members worked through some or all of their meal periods, have their meal periods interrupted to hurry to the next service call/appointment, and/or waited extended periods of time before taking meal periods.  For example, Plaintiff and class members were made to work up to six (6) hours straight before Defendants permitted and authorized them to take their meal periods.

67.    Furthermore, Defendants did not provide Plaintiff and class members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.  For example, Plaintiff and class members often were made to work up to 11 hours without a compliant second meal period.  Defendants knew or should have known that its scheduling policies and/or practices and performance quotas, would result in a failure to provide Plaintiff and class members with full and timely meal periods as required by the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).

68.    Moreover, Defendants also engaged in a systematic, company-wide policy to not pay meal period premiums when a meal period was missed.  Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed meal periods, Defendants, on a systematic basis, did not pay the correct amount due in meal period premium wages because they failed to include all remunerations, such as

1     nondiscretionary bonuses and/or incentive pay, in their calculation of the regular rates of pay

2     for purposes of meal period premiums.

3         69.    At all times herein, Defendants knew or should have known that as a result of

4     their scheduling policies, Plaintiff and class members worked through some or all of their

5     meal periods, had their meal periods interrupted to return to work, and/or waited extended

6     periods of time before taking meal periods.

7         70.    Defendants knew or should have known that its scheduling policies would

8     result in a failure to provide Plaintiff and class members with full and timely meal periods as

9     required by the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).

10        71.    Plaintiff and class members are therefore entitled to recover from Defendants

11     one (1) additional hour of pay at the employee's regular rate of compensation for each work

12     day that the meal period was not provided or compensation in lieu thereof was not paid or was

13     paid at the incorrect rate.

14 **FOURTH CAUSE OF ACTION**

15 **Violation of California Labor Code § 226.7—Rest Break Violations**

16 **(Against all Defendants, as to Service Technician Class)**

17        72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18     and every allegation set forth above.

19        73.    At all relevant times herein set forth, the applicable IWC Wage Order and

20     California Labor Code section 226.7 were applicable to Plaintiff and class members'

21     employment by Defendants.

22        74.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

23     employer shall authorize and permit all employees to take rest periods, which insofar as

24     practicable shall be in the middle of each work period" and that the "rest period time shall be

25     based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

26     hours or major fraction thereof" unless the total daily work time is less than three and one-half

27     (3½) hours.

28        75.    At all relevant times, California Labor Code section 226.7 provides that no

Page 17

1    employer shall require an employee to work during any rest period mandated by an applicable

2    order of the California IWC.

3        76.    Pursuant to the applicable IWC Wage Order and California Labor Code section

4    226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

5    additional hour of pay at their regular rates of pay for each work day that a required rest

6    period was not provided.

7        77.    During the relevant time period, Defendants regularly failed to authorize and

8    permit Plaintiff and class members to take ten (10) minute rest period per each four (4) hour

9    period worked or major fraction thereof. As a result of Defendants' scheduling policies

10   and/or practices, Plaintiff and class members were denied rest periods in violation of Labor

11   Code section 226.7 and the applicable IWC Wage Order. Also, as with meal periods,

12   Defendants' policies and practices prevented Plaintiff and class members from being relieved

13   of all duty in order to take compliant rest periods and forced Plaintiff and class members to

14   forego rest breaks.

15       78.    At the same time, Defendants implemented a company-wide policy to not pay

16   rest period premiums. Alternatively, to the extent that Defendants did pay Plaintiff and class

17   members one (1) additional hour of premium pay for missed rest periods, Defendants did not

18   pay Plaintiff and class members at the correct rate of pay for premium wages because

19   Defendants failed to include all forms of compensation, such as incentive pay and/or

20   nondiscretionary bonuses, in the regular rate of pay. As a result, to the extent Defendants

21   paid Plaintiff and class members with premium pay for missed rest periods, it did so at a

22   lower rate than required by law. As a result, Plaintiff and class members were denied rest

23   periods and failed to pay the full rest period premiums due.

24       79.    Pursuant to the applicable IWC Wage Order and California Labor Code section

25   226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

26   additional hour of pay at the employee's regular rate of compensation for each work day that

27   the rest period was not provided.

28   ///

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a) and 1174(d)—Non-Compliant Wage**

**Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants, as to Wage Statement Class)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

81.     At all relevant times herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

82.     At all relevant times herein, Defendants have provided Plaintiff and Wage Statement class members with uniform, incomplete, and inaccurate wage statements.  For example, Defendants issued uniform wage statements to Plaintiff and Wage Statement class members that fail to list: net wages earned; the inclusive dates of the period for which aggrieved employees were paid; and all applicable hourly rates in effect during the pay period, including on-call overtime ("On Call OT") rates of pay, and the corresponding number of hours worked at each hourly rate.

83.     According to Plaintiff's paystubs, Defendants listed the "net pay" as "$0.00" for each pay period for Plaintiff and class members who received their pay via direct deposit. Thus, in violation of Labor Code section 226(a)(5), Defendants failed to list the net wages earned by Plaintiff and class members.

84.     Further, Defendants failed to list the start date of the applicable pay period on Plaintiff's and class members' paystubs in violation of Labor Code section 226(a)(6). Plaintiff's paystubs include no statement or indication whatsoever as to what the beginning dates was for the period in which he was paid.

85.     Additionally, Defendants paid Plaintiff and class members various forms of compensation, including on-call shift pay, consisting of $20.00 per day, plus hours actually

1    worked at a rate of 1.5 times the regular hourly rate.  However, in violation of Labor Code

2    section 226(a)(9), Defendants failed to list the correct rates of pay on paystubs for "On Call

3    OT" pay.  For example, Defendants issued wage statements to Plaintiff that incorrectly

4    indicated he was paid at a rate of $19.05 per hour for "Cl2 On Call Ot" pay, which is actually

5    his regular rate of pay, when the correct rate of pay he was paid at for "Cl2 On Call Ot" was

6    $28.575 per hour.

7        86.    The wage statement deficiencies also include, among other things, failing to list

8    gross wages earned; failing to list total hours worked by employees; failing to list the number

9    of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

10   rate basis; failing to list all deductions; failing to list the name of the employee and only the

11   last four digits of his or her social security number or an employee identification number

12   other than a social security number; failing to list the name and address of the legal entity

13   that is the employer; and/or failing to state all hours worked as a result of not recording or

14   stating the hours they worked off-the-clock.

15       87.    In addition, Defendants failed to provide Plaintiff and class members the option

16   to elect to receive hard copies of their wage statements at any time and failed to inform them

17   of their rights to elect to receive hard copies of their wage statements as opposed to

18   electronic statements.  Upon information and belief, Defendants failed to provide Plaintiff

19   and class members with the ability to easily access the information and convert the electronic

20   wage statements into hard copies at no expense to them.

21       88.    California Labor Code section 1174(d) provides that "[e]very person employing

22   labor in this state shall … [k]eep a record showing the names and addresses of all employees

23   employed and the ages of all minors" and "[keep, at a central location in the state or at the

24   plants or establishments at which employees are employed, payroll records showing the

25   hours worked daily by and the wages paid to, and the number of piece-rate units earned by

26   and any applicable piece rate paid to, employees employed at the respective plants or

27   establishments…"  During the relevant time period, and in violation of Labor Code section

28   1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and

1    other class members showing the daily hours they worked and the wages paid thereto as a

2    result of failing to record the off-the-clock hours that they worked.

3         89.    Plaintiff and class members are entitled to recover from Defendants the greater

4    of their actual damages caused by Defendants' failure to comply with California Labor Code

5    section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

6    employee.

7    **SIXTH CAUSE OF ACTION**

8    **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

9    **Termination**

10    **(Against all Defendants, as to Service Technician Class)**

11         90.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

12    and every allegation set forth above.

13         91.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide

14    that if an employer discharges an employee, the wages earned and unpaid at the time of

15    discharge are due and payable immediately, and that if an employee voluntarily leaves his or

16    her employment, his or her wages shall become due and payable not later than seventy-two

17    (72) hours thereafter, unless the employee has given seventy-two (72) hours' previous notice

18    of his or her intention to quit, in which case the employee is entitled to his or her wages at the

19    time of quitting.

20         92.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

21    class members who are no longer employed by Defendants the earned wages set forth above,

22    including, but not limited to, overtime wages, minimum wages, and meal and rest period

23    premium wages, either at the time of discharge, or within seventy-two (72) hours of their

24    leaving Defendants' employ.

25         93.    Defendants' failure to pay Plaintiff and class members who are no longer

26    employed by Defendants wages earned at the time of discharge, or within seventy-two (72)

27    hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.

28    Plaintiff and class members are therefore entitled to recover from Defendants the statutory

1    penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30)

2    day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

7    94.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

8    and every allegation set forth above.

9    95.    Defendants are a "person" as defined by California Business & Professions

10    Code sections 17201, as they are corporations, firms, partnerships, joint stock companies

11    and/or associations.

12    96.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13    unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

14    enforce important rights affecting the public interest within the meaning of Code of Civil

15    Procedure section 1021.5.

16    97.    Defendants' activities, as alleged herein, are violations of California law, and

17    constitute unlawful business acts and practices in violation of California Business &

18    Professions Code sections 17200, *et seq.*

19    98.    A violation of California Business & Professions Code sections 17200, *et seq.*

20    may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

21    policies and practices have violated state law in at least the following respects:

22          (a)    Requiring non-exempt employees, including Plaintiff and Service

23                Technician class members, to work overtime without paying them

24                proper compensation in violation of California Labor Code sections 510

25                and 1198 and the applicable IWC Order and paying overtime at a lower

26                rate than required by law;

27          (b)    Failing to pay at least minimum wage to Plaintiff and Service

28                Technician class members in violation of California Labor Code

sections 1194, 1197 and 1197.1 and the applicable IWC Order;

(c)    Failing to provide uninterrupted meal and rest periods to Plaintiff and Service Technician class members in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Order;

(d)    Failing to provide Plaintiff and Wage Statement class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable IWC Order and failing to maintain accurate payroll records in violation of Labor Code section 1174(d); and

(e)    Failing timely to pay all earned wages to Plaintiff and Service Technician class members in violation of California Labor Code section 204 and the applicable IWC Order, as set forth below.

99.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

100.    At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

101.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

102.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages,

1  and meal and rest period premium wages, within the time periods specified by California

2  Labor Code section 204.

3      103.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

4  Plaintiff and class members are entitled to restitution of the wages withheld and retained by

5  Defendants during a period that commences four years prior to the filing of this complaint; a

6  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

7  class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

8  section 1021.5 and other applicable laws; and an award of costs.

9  **EIGHTH CAUSE OF ACTION**

10 **Violation of California Business & Professions Code §§ 17200, *et seq.* – Unfair Business**

11 **Practices**

12 **(Against all Defendants)**

13     104.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

14 and every allegation set forth above.

15     105.    Defendants are a "person" as defined by California Business & Professions

16 Code sections 17201, as they are corporations, firms, partnerships, joint stock companies

17 and/or associations.

18     106.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19 and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered

20 injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff

21 seeks to enforce important rights affecting the public interest within the meaning of Code of

22 Civil Procedure section 1021.5.

23     107.    Defendants' activities, namely Defendants' company-wide practice and/or

24 policy of not paying Plaintiff and class members all meal and rest period premium wages due

25 to them under Labor Code section 226.7, deprived Plaintiff and class members of the

26 compensation guarantee and enhanced enforcement implemented by section 226.7.  The

27 statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to

28 compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior*

1  *Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were

2  guaranteed to Plaintiff and class members as part of their employment with Defendants, and

3  thus Defendants' practice and/or policy of denying these statutory benefits constitutes an

4  unfair business practice in violation of California Business & Professions Code sections

5  17200, *et seq.* (*Id.*)

6        108.    A violation of California Business & Professions Code sections 17200, *et seq.*

7  may be predicated on any unfair business practice.  In the instant case, Defendants' policies

8  and practices have violated the spirit of California's meal and rest break laws and constitute

9  acts against the public policy behind these laws.

10        109.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

11  Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

12  benefits implemented by section 226.7 withheld and retained by Defendants during a period

13  that commences four years prior to the filing of this complaint; a permanent injunction

14  requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

15  Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

16  Procedure section 1021.5 and other applicable laws; and an award of costs.

17  **REQUEST FOR JURY TRIAL**

18        Plaintiff requests a trial by jury.

19  **PRAYER FOR RELIEF**

20        Plaintiff, on behalf of himself and all others similarly situated, prays for relief and

21  judgment against Defendants, jointly and severally, as follows:

22        1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

23  excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

24  reserves the right to amend his prayer for relief to seek a different amount.

25  **Class Certification**

26        2.    That this case be certified as a class action;

27        3.    That Plaintiff be appointed as the representative of the Class and Subclass;

28        4.    That counsel for Plaintiff be appointed as class counsel.

1

**As to the First Cause of Action**

2      5.      That the Court declare, adjudge, and decree that Defendants violated California

3  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

4  pay all overtime wages due to Plaintiff and class members;

5      6.      For general unpaid wages at overtime wage rates and such general and special

6  damages as may be appropriate;

7      7.      For pre-judgment interest on any unpaid overtime compensation commencing

8  from the date such amounts were due;

9      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

10  California Labor Code section 1194(a); and

11      9.      For such other and further relief as the Court may deem equitable and

12  appropriate.

13

**As to the Second Cause of Action**

14      10.     That the Court declare, adjudge and decree that Defendants violated California

15  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

16  Plaintiff and class members;

17      11.     For general unpaid wages and such general and special damages as may be

18  appropriate;

19      12.     For pre-judgment interest on any unpaid compensation from the date such

20  amounts were due;

21      13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

22  California Labor Code section 1194(a);

23      14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

24      15.     For such other and further relief as the Court may deem equitable and

25  appropriate.

26

**As to the Third Cause of Action**

27      16.     That the Court declare, adjudge, and decree that Defendants violated California

28  Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing

CLASS ACTION COMPLAINT

1    to provide all meal periods to Plaintiff and class members;

2         17.    That the Court make an award to the Plaintiff and class members of one (1)

3    hour of pay at each employee's regular rate of compensation for each workday that a meal

4    period was not provided;

5         18.    For all actual, consequential, and incidental losses and damages, according to

6    proof;

7         19.    For premiums pursuant to California Labor Code section 226.7(b);

8         20.    For pre-judgment interest on any unpaid meal period premiums from the date

9    such amounts were due; and

10        21.    For such other and further relief as the Court may deem equitable and

11   appropriate.

12                        **As to the Fourth Cause of Action**

13        22.    That the Court declare, adjudge and decree that Defendants violated California

14   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

15   rest periods to Plaintiff and class members;

16        23.    That the Court make an award to the Plaintiff and class members of one (1) hour

17   of pay at each employee's regular rate of compensation for each workday that a rest period

18   was not provided;

19        24.    For all actual, consequential, and incidental losses and damages, according to

20   proof;

21        25.    For premiums pursuant to California Labor Code section 226.7(b);

22        26.    For pre-judgment interest on any unpaid rest period premiums from the date

23   such amounts were due; and

24        27.    For such other and further relief as the Court may deem equitable and

25   appropriate.

26                         **As to the Fifth Cause of Action**

27        28.    That the Court declare, adjudge and decree that Defendants violated the

28   recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

1  Orders as to Plaintiff and Wage Statement class members, and willfully failed to provide
2  accurate itemized wage statements thereto;

3       29.    For all actual, consequential and incidental losses and damages, according to
4  proof;

5       30.    For injunctive relief pursuant to California Labor Code section 226(h);

6       31.    For statutory penalties pursuant to California Labor Code section 226(e); and

7       32.    For such other and further relief as the Court may deem equitable and
8  appropriate.

9  **As to the Sixth Cause of Action**

10       33.    That the Court declare, adjudge and decree that Defendants violated California
11  Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum
12  wages, and meal and rest period premiums owed at the time of termination of the employment
13  of Plaintiff and other terminated class members;

14       34.    For all actual, consequential and incidental losses and damages, according to
15  proof;

16       35.    For waiting time penalties according to proof pursuant to California Labor
17  Code section 203 for all employees who have left Defendants' employ;

18       36.    For pre-judgment interest on any unpaid wages from the date such amounts
19  were due; and

20       37.    For such other and further relief as the Court may deem equitable and
21  appropriate.

22  **As to the Seventh Cause of Action**

23       38.    That the Court declare, adjudge and decree that Defendants conduct of failing
24  to provide Plaintiff and class members all overtime wages due to them, failing to provide
25  Plaintiff and class members all meal and rest periods, failing to provide accurate wage
26  statements, and failing timely to pay all earned wages during employment constitutes an
27  unlawful business practice in violation of California Business and Professions Code sections
28  17200, *et seq*;

39.     For restitution of unpaid wages to Plaintiff and all class members and
prejudgment interest from the day such amounts were due and payable;

40.     For the appointment of a receiver to receive, manage and distribute any and all
funds disgorged from Defendants and determined to have been wrongfully acquired by
Defendants as a result of violations of California Business & Professions Code sections 17200
*et seq.*;

41.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to
California Code of Civil Procedure section 1021.5; and

42.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Eighth Cause of Action

43.     That the Court declare, adjudge and decree that Defendants' conduct of denying
Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes
an unfair business practice in violation of California Business and Professions Code sections
17200, *et seq.*;

44.     For restitution of the statutory benefits under section 226.7 withheld from
Plaintiff and class members and prejudgment interest from the day such amounts were due and
payable;

45.     For the appointment of a receiver to receive, manage and distribute any and all
funds disgorged from Defendants and determined to have been wrongfully acquired by
Defendants as a result of violations of California Business & Professions Code sections 17200
et seq.;

46.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to
California Code of Civil Procedure section 1021.5; and

47.     For such other and further relief as the Court may deem equitable and
appropriate.

///

///

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury of any and all issues in this action so triable.

3

4 Dated: November 24, 2015             Respectfully submitted,

5                                      Capstone Law APC

6

7                      By: _____

Raúl Pérez

8                                      Melissa Grant
                                       Arnab Banerjee
9                                      Suzy E. Lee

10                                     Attorneys for Plaintiff Edher Flores

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

ELECTRONICALLY RECEIVED
11/25/2015 2:54:16 PM   **CM-010**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | | **FOR COURT USE ONLY** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Raul Perez (SBN 174687); Melissa Grant (SBN 205633);Arnab Banerjee(SBN 252618)
Capstone Law APC                    Suzy E. Lee (SBN 271120)
1840 Century Park East, Suite 450
Los Angeles, CA 90067
TELEPHONE NO: (310) 556-4811   FAX NO: (310) 943-0396
ATTORNEY FOR *(Name):* Plaintiff Edher Flores

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   KERN
   STREET ADDRESS: 1451 Truxtun Avenue, Bakersfield, CA
   MAILING ADDRESS: 1451 Truxtun Avenue, Bakersfield, CA 93301-4172
   CITY AND ZIP CODE: Bakersfield, 93301-4172
   BRANCH NAME: Superior Courts Building

CASE NAME:
EDHER FLORES v. ADT LLC

FOR COURT USE ONLY:

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

NOV 2 5 2015

TERRY McNALLY, CLERK
BY_____DEPUTY

ENDORSED

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: BCV-15-101564 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (16)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 25, 2015
Raul Perez
_____          ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of the action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DEC -1 2015

TERRY McNALLY, CLERK
BY_____, DEPUTY

PLAINTIFF/PETITIONER:
  **EDHER FLORES AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED**
DEFENDANT/RESPONDENT:
  **ADT LLC, A DELAWARE LIMITED LIABILITY COMPANY**

**NOTICE OF ORDER TO SHOW CAUSE**
**RE: CALIFORNIA RULES OF COURT, RULE 3.110**

CASE NUMBER:
BCV-15-101564

---

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**

**You are ordered to appear on 03/14/2016** at **8:30 AM** in Department/Division **Bakersfield Department 17** of the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the required proof(s) of service are received by the court five (5) court days prior to the hearing date, and then no appearance is necessary.

Date:  December 01, 2015

TERRY MCNALLY
CLERK OF THE SUPERIOR COURT
Y. TORRES

By: _____
Yesenia Torres, Deputy Clerk



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

**Possible Advantages and Disadvantages**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

      **Possible Advantages:** Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

      **Possible Disadvantages:** May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

**Most Common Types of ADR**

**Mediation:** A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

**Settlement Conferences:** A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

**Neutral Evaluation:** The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

**Arbitration:** The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

## Local ADR Programs

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org , or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):    TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (*NAME*): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |
|---|---|

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

☐ Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days
  of Case Management Conference)
☐ Private Mediation
☐ Neutral Evaluation
☐ Binding Arbitration
☐ Referee/Special Master
☐ Settlement Conference with Private Neutral
☐ Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
☐ Discovery will remain open until 30 days before trial
☐ Other _____

It is also stipulated that _____ (name of individual neutral, not organization) has consented to and will serve as _____ (neutral fuction/process) and that the session will take place on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

**On behalf of Plaintiffs**

_____            _____
(Type or print name)                                          (Signature)

**On behalf of Defendants**

_____            _____
(Type or print name)                                          (Signature)

**Attach additional signature pages if needed**
KC ADR-101 (Mandatory)
Page 1 of 2
(Rev. 2/2012)

## ADR STIPULATION AND ORDER FORM

ORDER:

Case Number: _____

☐ The ADR process is to be completed by _____
(date)

☐ The Case Management Conference currently set for _____
(date)

20_____, at _____ a.m./p.m. in Department _____
    ☐ is hereby vacated
    ☐ is not hereby vacated

☐ Mediation Status Review

☐ Case Status Review
re: _____

☐ Final Case Management Conference
is set for _____, 20____ at _____ a.m./p.m.
in Department _____

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

It is so ordered.

_____     _____
      Date                              Judicial Officer of the Superior Court

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DEC −1 2015

TERRY McNALLY, CLERK
BY _____, DEPUTY

PLAINTIFF/PETITIONER:
**EDHER FLORES AND ON BEHALF OF OTHER MEMBERS OF**
**THE GENERAL PUBLIC SIMILARLY SITUATED**
DEFENDANT/RESPONDENT:
**ADT LLC, A DELAWARE LIMITED LIABILITY COMPANY**

**NOTICE OF ORDER TO SHOW CAUSE**
**RE: CALIFORNIA RULES OF COURT, RULE 3.110**

CASE NUMBER:
BCV-15-101564

---

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**

**You are ordered to appear on 03/14/2016 at 8:30 AM** in Department/Division **Bakersfield Department 17** of the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the required proof(s) of service are received by the court five (5) court days prior to the hearing date, and then no appearance is necessary.

Date: December 01, 2015

**TERRY MCNALLY**
CLERK OF THE SUPERIOR COURT
**Y. TORRES**

By: _____
Yesenia Torres, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

SUPERIOR COURT, METROPOLITAN DIVISION
FILED
COUNTY OF KERN

JAN - 8 2016

TERRY McNALLY, CLERK
BY_____ DEPUTY

1  LINDA CLAXTON, CA Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
3  Los Angeles, CA 90071
   Telephone:    213.239.9800
4  Facsimile:    213.239.9045

5  Attorneys for Defendant
   ADT LLC
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF KERN

9

10  EDHER FLORES, individually, and on behalf of        Case No. BCV-15-101564
    other members of the general public similarly       [Assigned for all purposes to
11  situated,                                            The Honorable Lorna H. Brumfield, Dept. 17]

12              Plaintiff,                               **DEFENDANT ADT LLC'S ANSWER TO
                                                         COMPLAINT**
13       vs.

14  ADT LLC, a Delaware limited liability
    company; and DOES 1 through 10, inclusive,
15                                                       Action Filed:     November 25, 2015
                Defendants.                              Trial Date:       None
16

17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
              DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

1  Defendant ADT LLC (hereinafter, "Defendant") hereby answers the Complaint brought by

2  plaintiff EDHER FLORES (hereinafter, "Plaintiff") as follows:

### GENERAL DENIAL

4  The Complaint is not verified.  Pursuant to Section 431.30(d) of the California Code of

5  Civil Procedure, Defendant denies generally each and every allegation in the Complaint, and the

6  whole of it, including, without limitation, the allegations that Plaintiff or any members of any class

7  that Plaintiff purports to represent are entitled to any of the relief requested, or that Defendant has

8  engaged in any wrongful or unlawful conduct, or that Defendant's conduct or omissions caused

9  any injury or damage to Plaintiff or any members of any class that Plaintiff purports to represent.

### AFFIRMATIVE DEFENSES

11  Without waiving any answers and defenses, Defendant, as and for its affirmative defenses

12  to the Complaint, alleges as follows.  For purposes of these affirmative defenses, the term

13  "Plaintiff" incorporates and includes both Plaintiff and all members of any putative class that

14  Plaintiff purports to represent.

### FIRST AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

17  The Complaint, and each purported cause of action alleged therein, is barred in whole or in

18  part because Plaintiff failed to exhaust administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

(Defendant's Reasonable Care)

21  Defendant was fully justified and exercised reasonable care, prudence, skill, and business

22  judgment in the management of its affairs.  Defendant acted in good faith, with honesty of purpose,

23  consistent with the law and its established policies and practices.

### THIRD AFFIRMATIVE DEFENSE

(Releases)

26  The Complaint, and each purported cause of action alleged therein, is barred in whole or in

27  part to the extent Plaintiff and/or his agents have released any of their purported causes of action

28  against Defendant.

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Payments)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff and/or his agents have received payment of any of the amounts claimed therein.

In particular, Plaintiff's claims are barred, in whole or in part, because Plaintiff is a member of the class that released similar or identical claims against Defendant in connection with the settlement of the class action entitled *Tim Jones, Andrew Rodriguez, and Terrance Lee, individually and on behalf of other members of the general public similarly situated v. ADT Security Services, Inc., a Delaware Corporation and Does 1 through 10, inclusive*, Case No. BC466697. The complaint was filed on August 2, 2011 in Los Angeles Superior Court.

## FIFTH AFFIRMATIVE DEFENSE

### (Collective Bargaining Agreement)

Plaintiff's claims are barred, in whole or in part, by the mandatory and binding grievance and arbitration provisions of the collective bargaining agreement that existed at all times relevant hereto between Defendant and the union(s) representing members of the purported class.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by one or more statutes of limitation including, but not limited to, Code of Civil Procedure §§ 338 and 340, and Business and Professions Code § 17208.

## SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by the doctrine of *res judicata*.

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

(Collateral Estoppel)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by the doctrine collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**

(Judicial Estoppel)

The Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by the doctrine of judicial estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff has waived the claims alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Intervening or Superseding Acts of Third Parties)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties. The acts or omissions of these third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff, and said third parties should bear the responsibility of compensating Plaintiff for said damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(Justification and Privilege)

Defendant alleges it cannot be liable for any alleged violation of Business and Professions Code §§ 17200 *et seq.* because its actions, conduct and/or dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Misrepresentations)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by misrepresentations made by Plaintiff.

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

#### (Setoff, Offset, and/or Recoupment)

3    Some or all of the purported causes of action in the Complaint are subject to setoff, offset,

4    and/or recoupment.

5

### FIFTEENTH AFFIRMATIVE DEFENSE

6

#### (Balancing of Hardships)

7    Plaintiff is not entitled to injunctive or declaratory relief because the benefit of such relief,

8    if any, is slight compared to the harm Defendant will suffer if injunctive or declaratory relief is

9    permitted.

10

### SIXTEENTH AFFIRMATIVE DEFENSE

11

#### (Lack of Irreparable Injury)

12    Plaintiff is not entitled to injunctive or declaratory relief because they will not suffer any

13    irreparable injury if injunctive or declaratory relief is declined.

14

### SEVENTEENTH AFFIRMATIVE DEFENSE

15

#### (Representative Claims Violate Defendant's Rights)

16    Defendant alleges that, to the extent the Court declines to certify a class, then maintenance

17    of those claims as "representative" actions (assuming, *arguendo*, some or all of these claims could

18    be so maintained, which Defendant specifically denies) would violate the Due Process Clause of

19    the United States and California Constitutions by authorizing actions to be brought on behalf of a

20    class without requiring class certification of persons allegedly injured by the challenged act or

21    practice. Moreover, any finding of liability would violate the Due Process Clause of the United

22    States and California Constitutions because, among other things, the standards of liability are

23    unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment

24    that serves no legitimate governmental interest. Finally, any award of restitution under the

25    California Business and Professions Code would violate the Excessive Fines and Due Process

26    Clauses of the United States and California Constitutions.

27

28

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiff cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

### NINETEENTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiff's claims.

### TWENTIETH AFFIRMATIVE DEFENSE

(Standing)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff lacks standing and was not aggrieved by the alleged unlawful acts or omissions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Constitutional Defense to Penalties)

Plaintiff is not entitled to recover any penalties under California or federal law, and any award of penalties would in general or in fact violate Defendant's rights under the United States and California constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Plaintiff's claims are barred by the doctrine of avoidable consequences because he unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

1 | damages would have been avoided by such action.

2 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3 | (Accord and Satisfaction)

4 | Plaintiff's claims are barred by the doctrine of accord and satisfaction.

5 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

6 | (Estoppel)

7 | Plaintiff is estopped by his own acts, omissions, representations, and/or courses of conduct

8 | from asserting the causes of action upon which he seeks relief.

9 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10 | (Failure to Mitigate Damages)

11 | Plaintiff's claims are barred in whole or in part, because Plaintiff has failed to, and

12 | continues to fail to, act reasonably to mitigate his alleged damages.

13 | **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14 | (No Injury by Wage Statements)

15 | Plaintiff is not entitled to any penalties pursuant to California Labor Code § 226(e) because

16 | he did not suffer injury as a result of a knowing and intentional failure by Defendant to comply

17 | with California Labor Code § 226(a).

18 | **TWENTY-SEVENTH AFFIRMANTIVE DEFENSE**

19 | (No Injury by Wage Statements)

20 | Plaintiff is not entitled to any penalties pursuant to California Labor Code § 226(e) because,

21 | with regard to each wage statement issued to Plaintiff by Defendant, Plaintiff could promptly and

22 | easily determine from the wage statement all of the information set forth in California Labor Code

23 | § 226(e)(2)(B)(i) through (iii).

24 | WHEREFORE, Defendant prays for judgment as follows:

25 | 1.    That the Court deny Plaintiff's request to certify this action as a class action;

26 | 2.    That Plaintiff take nothing by way of the Complaint;

27 | 3.    That the Complaint be dismissed with prejudice;

28 | 4.    That the Court enter judgment for Defendant and against Plaintiff, on all alleged

6

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

1    causes of action;

2        5.    That the Court award Defendant its costs and attorney fees incurred; and

3            That the Court grant Defendant such other and further relief as the Court deems just and

4    proper.

5

6    DATED:  January 7, 2016                     OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.
7

8                                               By: _____

9                                                   Linda Claxton

10                                              Attorneys for Defendant
                                                ADT LLC
11

12                                                                                23458130.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT

*Edher Flores v. ADT LLC, et al.*
Case No. BCV-15-101564

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

     On January 7, 2016, I served the following document(s):

DEFENDANT ADT LLC'S ANSWER TO
COMPLAINT

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Raul Perez, Esq. | Attorneys for Plaintiff |
| Melissa Grant, Esq. | Edher Flores |
| Arnab Banerjee, Esq. | |
| Suzy E. Lee, Esq. | |
| Capstone Law APC | |
| 1840 Century Park East, Suite 450 | |
| Los Angeles, California 90067 | |
| Telephone:   (310) 556-4811 | |
| Facsimile:   (310) 943—0396 | |
| Email:      Raul.Perez@capstonelawyers.com | |
|           Melissa.Grant@capstonelawyers.com | |
|           Arnab.Banerjee@capstonelawyers.com | |
|           Suzy.Lee@capstonelawyers.com | |

☒    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on January 7, 2016, at Los Angeles, California.

| | |
|---|---|
| Cecile S. Allouche | *[signature]* |
| Type or Print Name | Signature |

DEFENDANT ADT LLC'S ANSWER TO COMPLAINT