UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDHER FLORES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ADT LLC,<br><br>  Defendant. | Case No.: 1:16-cv-00029 AWI  JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br><br>(Doc. 12) |

Counsel seek an order amending the case schedule.  (Doc. 12)   They explain that they have been delayed in completing discovery, apparently, due to the fact that the defendant's attorney has been in trial and because they wish to "possibly attend mediation." Id. at 3.  This, unfortunately, does not demonstrate good cause to extend the case deadlines.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly

1

disregarded by counsel without peril." Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted).  Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

As noted above, counsel have made no showing that they have acted diligently.  To the contrary, though the plaintiff propounded written discovery timely, he allowed the defense to fail to respond for more than three months rather than seeking the Court's intervention.[1]  There is no showing the defendant has conducted *any* discovery.  Also, though they seek an extension of the deadline to amend the pleadings, this deadline has already passed.  Furthermore, the Court cannot accept that the parties did not contemplate the idea of mediation before the Court scheduled the case.  Even if this is possible, they do not commit, even now, to participating in mediation; they contemplate only the *possibility* of doing so.

To show diligence, counsel should have explained why they have not completed the needed discovery or why they could not have done so.  They should have explained why they cannot complete the discovery within the deadlines set by the Court.  Having failed to state more than, in essence, a desire not to conduct discovery at this time, they have failed to make even a minimal showing to justify amendment of the case schedule. Johnson, 975 F.2d at 609.

///
///
///

---

[1] On the other hand, it is patently unreasonable for an attorney to refuse to respond to discovery for three months.

Thus, the stipulation to amend the case schedule is **DENIED**.  Counsel are urged in the strongest terms to direct their attention to this case and to redouble their efforts toward completing discovery within the deadlines set by the Court.

IT IS SO ORDERED.

Dated: **August 3, 2016**                          /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE