Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Arnab Banerjee (SBN 252618)
Arnab.Banerjee@capstonelawyers.com
Brandon Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
Ruhandy Glezakos (SBN 307473)
Ruhandy.Glezakos@capstonelawyers.com
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Edher Flores

[ADDITIONAL COUNSEL ON NEXT PAGE]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDHER FLORES, individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>ADT LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.:  1:16-cv-00029-AWI-JLT<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>(Doc. 14) |

Linda Claxton
Alec R. Hillbo
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone:   (213) 239-9800
Facsimile:   (213) 239-9045
linda.claxton@ogletreedeakins.com
alec.hillbo@ogletreedeakins.com

Attorneys for Defendant ADT, LLC

Plaintiff Edher Flores ("Plaintiff") and Defendant ADT LLC ("Defendant"), by and through their respective counsel of record, hereby stipulate and agree to the following:

## Good Cause Statement

1. This litigation may require disclosure of what Defendant considers private and/or confidential or restricted access information involving Defendant's business policies and practices that would likely cause significant harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order that will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential, and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

## Definitions And Designation

2. "Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to confidential or sensitive company proprietary business information, the disclosure of which would create a substantial risk of serious, irreparable financial or other injury, and such risk cannot be avoided by less restrictive means; and information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' wage information and job performance-documentation. "Restricted Access" means any highly sensitive Confidential Information that requires heightened protection such as (i) trade secrets and other proprietary information, (ii) business methods, plans, or strategies, (iii) current or projected financial information (including income, profits, losses, and expenses), marketing, pricing, sales and inventory data or strategies, and (iv) identification of business relationships.

3. Stamping "Confidential" or "Restricted Access" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Such designation shall not obscure or interfere with the legibility of the designated Confidential or Restricted Access Information. Marking or stamping "Confidential Information" or "Restricted Access" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Restricted Access.

4. Any party that designates material as Confidential Information or Restricted Access must take care to limit any such designation to specific material that qualifies under the appropriate standards and, where appropriate, must designate as Confidential or Restricted Access Information only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated as Confidential or Restricted Access Information. Mass, indiscriminate, or routinized designations of material as Confidential or Restricted Access Information are prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose (*i.e.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the party making such designations to sanctions.

**Access to Confidential and Restricted Access Information**

5. Confidential or Restricted Access Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential or Restricted Access Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; vendors, copying services, and contractors; CAPSTONE LAW APC

and OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. and those firms' respective partners, shareholders, associates, paralegals, clerks, and employees involved in the conduct of this litigation or who are acting as corporate representatives in the litigation and in-house attorneys at Defendant. Restricted Access Information also may be disclosed to actual or potential testifying and consulting experts (or any person as to whom the designating party agrees in writing). Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

      a.    Current or former employees of Defendant who may serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

      b.    Plaintiffs and any other named plaintiff that may be added to the litigation;

      c.    Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

      d.    Actual or prospective experts or consultants, and their staff and personnel, who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

      e.    Mediators used to try to resolve the action;

      f.    Any other person ordered by the Court or with the prior written consent of the designating party.

6.    Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 5(a)-(f) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A. Any actual or potential

testifying and consulting experts identified in Paragraph 5 who receive Restricted Access Information also shall execute Attachment A.

7.  The parties shall retain copies of any executed non-disclosure agreements until the end of the action.  In the event of a possible violation of this protective order while this action is pending, a party may, upon meeting and conferring in good faith with the other party, request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending.  No more than sixty (60) calendar days after the end of litigation in the action, the party who received the Confidential Information shall provide copies of all executed non-disclosure agreements to the party who produced the Confidential Information.

8.  The action is at an end when all of the following that are applicable occur:  (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

**Use Of Confidential and Restricted Access Information**

9.  Confidential and Restricted Access Information shall be used solely and exclusively for preparing for, attempting to settle, and prosecuting this case, including the claims brought on behalf of the named plaintiff(s) and hourly or non-exempt employees in this case, pending the completion of the judicial process, including appeal.  Confidential and Restricted Access Information cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever. However, this Agreement is not intended to be an "agreement restricting a member's practice" in violation of California Rules of Professional Conduct, Rule 1-500. Accordingly, this Protective Order shall not preclude Plaintiffs' counsel

from representing any putative class member in connection with their individual claims alleged in this action or in an unrelated action if such representation is requested, or preclude Plaintiffs' counsel from providing legal advice to putative class members if such advice is requested.  Further, if representation or legal advice is requested by a putative class member in connection with his or her individual claims alleged in this action or in an unrelated action, from that point forward, this Protective Order shall not preclude Plaintiffs' counsel from using the contact information of that putative class member for the purposes of such representation or provision of legal advice, even if the contact information of that putative class member has been designated Confidential under the terms of this Order.

10. Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential or Restricted Access Information and, provided that in giving such advice, counsel shall not disclose the other party's Confidential or Restricted Access Information other than in a manner expressly provided for in this protective order.

11. Testimony taken at a deposition that involves Confidential or Restricted Access Information must be designated as "Confidential" or "Restricted Access" by making a statement to that effect on the record at the deposition and identifying the specific testimony or items claimed to be Confidential or Restricted Access Information.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential or Restricted Access to bind separately such portions of the deposition transcript, and/or to label such portions appropriately.  If any portions of the deposition transcript and/or video or audio versions of the depositions contain Confidential or Restricted Access Information, or references thereto, they must be filed with the Court in compliance with this protective order.

12. A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of portions of the deposition transcript that contain Confidential or Restricted Access Information, to any persons or entities other than counsel of record in the action. The portions of any audiotape and/or videotape containing Confidential or Restricted Access Information from said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing portions of the original deposition videotape containing Confidential or Restricted Access Information to any persons or entities other than counsel of record. Any audiotape containing Confidential or Restricted Access Information shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

13. Only individuals permitted access to Confidential or Restricted Access Information shall attend any deposition where Confidential or Restricted Access Information is used. Individuals attending any depositions containing Confidential or Restricted Access Information shall not disclose to any person any statements made by deponents at depositions that reference Confidential or Restricted Access Information unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

### No Waiver And Challenges to Designation

14. Whether or not any evidence or testimony is, in fact, designated as "Confidential" or "Restricted Access" shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality protections, and the failure to make such a designation shall not constitute a waiver of any such protections.

15. By entering into this protective order, the parties do not waive any right to challenge whether any material designated or not designated as Confidential or Restricted Access Information is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private.  Unless a prompt challenge to a confidentiality or restricted access designation is necessary to avoid foreseeable, substantial unfairness; unnecessary economic burdens; or a significant disruption or delay of the litigation; a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16. The burden of persuasion in any proceeding challenging the designation of any material as Confidential or Restricted Access Information shall be on the party making the designation.  Frivolous challenges, and those made for an improper purpose (*i.e.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the party making the challenge to sanctions.  In the event of a challenge to the designation of material as Confidential or Restricted Access Information, the designating party shall agree to de-designate the Confidential or Restricted Access Information or, after meeting and conferring with the objecting party, and no later than 60 days after the objection is received, shall file a motion to uphold the designation.  Failure to bring such a motion within 60 days of receipt of the objection shall result in the de-designation of the Confidential or Restricted Access Materials.  Pending the resolution of such motion, the parties shall continue to treat the challenged materials as Confidential Information until the court rules on the challenge.

### Filing Under Seal And Handling At Hearings And Trial

17. With regard to any Confidential or Restricted Access Information to be filed with the Court, any party seeking to file such documents shall apply to do

so under seal, in accordance with Federal Rules of Civil Procedure 5.2 and 26, and Eastern District Local Rule 141.

18. Should the need arise to offer testimony at a hearing or trial to present evidence marked as Confidential or Restricted Access that cannot be addressed through sealing the evidence, the parties will work in good faith to reach an agreement to use a redacted version of the evidence. If they cannot reach an agreement, then the designating party will be allowed an opportunity to seek an appropriate court order to appropriately restrict what Confidential or Restricted Access Information becomes public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential or Restricted Access Information or into evidence, on grounds, including, but not limited to, relevance and privilege.

## **Inadvertent Failure To Designate**

19. If, through inadvertence, any party produces or offers as testimony any Confidential or Restricted Access Information without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential or Restricted Access Information.

## **Clawback Provisions**

20. The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.

21. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

22. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall:

(a) refrain from reading the document any more closely than is reasonably necessary to ascertain that it is privileged or protected;  (b) promptly notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information;  and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible.  The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party.  The producing party shall preserve all document(s) returned under this paragraph until the parties agree that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the dispute is resolved. Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

23. Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return all hard and soft copies of the specified document(s). Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

24. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information.  If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take

reasonable steps to retrieve the document(s).  The receiving party shall have fourteen (14) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

25. The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the producing party failed to take reasonable steps to rectify the error.

26. The parties shall meet and confer within seven (7) days from the receipt of the objection notice in an effort to resolve the situation by agreement.  If an agreement is not reached, the receiving party may file an appropriate motion within 60 days from receipt of the objection notice and, as part of that motion, request that the producing party submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection except where such a submission would violate existing law.  Any party may request expedited treatment of any request for the Court's determination of the claim.

## **Termination Of Case**

27. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

28. Within sixty (60) business days of the termination or settlement of this action, each party must return, make available for pick-up, or destroy Confidential or Restricted Access Information received during this litigation from the other party and copies of any deposition transcripts designated as Confidential or Restricted Access Information. Where Confidential or Restricted Access Information has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. Notwithstanding these provisions, that counsel of record for the parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and those copies of any part of the Confidential or Restricted Access Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

## Miscellaneous Provisions

29. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

30. This protective order is subject to modification by stipulation of the parties. The Court may modify the terms and conditions of this protective order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to incorporate of such modifications.

**IT IS SO STIPULATED.**

Dated: August 12, 2016                       CAPSTONE LAW, APC


                                             By: /s/ Arnab Banerjee
                                                 Raul Perez
                                                 Arnab Banerjee
                                                 Brandon Brouillette
                                                 Ruhandy Glezakos

                                                 Attorneys for Plaintiff Edher Flores

Dated:  August 13, 2016                      OGLETREE, DEAKINS, NASH,
                                             SMOAK & STEWART P.C.


                                             By: /s/ Alec R. Hilbo (as authorized on 8/12/16)
                                                 Linda Claxton
                                                 Alec R. Hillbo
                                                 Fontaine Yuk

                                                 Attorneys for Defendant ADT, LLC

IT IS SO ORDERED.

   Dated:   **August 13, 2016**                        **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## CONFIDENTIAL OR RESTRICTED ACCESS INFORMATION NON-DISCLOSURE AGREEMENT

1.  I have had the opportunity to review the protective order in this action, and I agree that I am one of the following: (a) a current or former employee of ADT LLC who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a named plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (e) a mediator used to try to resolve the action; or (f) a person who the parties to the action have agreed in writing may receive Confidential Information, or a person who was ordered by the Court to receive Confidential Information.  I also may be an actual or potential testifying or consulting expert (or another person as to whom the designating party agreed in writing) who received Restricted Access Information.

2.  I agree not to disclose any of the Confidential or Restricted Access Information to any third person and further agree that my use of any Confidential or Restricted Access Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.  I further agree that on or before the termination or settlement of this action, I will return all Confidential or Restricted Access Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

3. By signing this Confidential or Restricted Access Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

_____
SIGNED

_____
PRINT NAME

25801365.1